STATE, BARTINE BROWN, PROSECUTOR, v. BOROUGH OF ASBURY PARK.

Where a statute confers upon a local body power to prescribe within certain limits the penalty which might seem to it commensurate with the offence, and this is established, it circumscribes the justice's jurisdiction to punish, and it is out of his power to go beyond it.

---

On *certiorari* to remove proceedings for violation of ordinance in Asbury Park.

Argued at November Term, 1881, before Justices KNAPP and DIXON.

For the plaintiff, *W. H. Vredenburgh.*

For the defendant, *D. Harvey, Jr.*

The opinion of the court was delivered by

KNAPP, J.    The plaintiff in *certiorari* was convicted before a justice of the peace at Asbury Park, in Monmouth county, for violating an ordinance of the borough for the regulation of and licensing hack drivers and carriers.    The ordinance was passed on the 14th day of June, 1881, under the authority of the supplement of March 8th, 1881, to the act to provide for licensing boats, hacks and other vehicles by incorporated camp meeting associations or sea-side resorts. *Pamph. L.* 1881, *p.* 83.

The power to license and regulate such occupations by ordinances of such public bodies is deducible from the act referred to.    The penalty which may be prescribed in such ordinance for its violation is limited by the act to fine not exceeding $20, or imprisonment in the county jail for a period not exceeding ten days.    The ordinance of the defendant corporation, for violation of which the prosecutor was convicted, ordains as the measure of punishment upon conviction a fine not exceeding $20, or imprisonment not more than *five* days.    The judgment which is by the record shown to have been pronounced upon the conviction in this case, declares in form that the prosecutor is sentenced to pay *his license* and costs, or imprisonment in the county jail for ten days. Within the several reasons assigned by the prosecutor for a reversal of the judgment, there is not found any challenging the correctness of this unusual sentence, and therefore it can receive no consideration here.

But beside the defect that the judgment is in the alternative, and therefore illegally uncertain, there is in it another manifest error which the tenth reason covers, and which demands a reversal.    Part of the sentence imposed was that the prosecutor suffer imprisonment in the county jail for the term of ten days.    If the judgment had any force, under it the prosecutor was liable to incarceration in prison for the specified time ; the law, however, which the corporation had enacted, and under which the justice was proceeding against the violator of it, had bounded the justice's discretion by a term

not beyond five days. This term he was not permitted to exceed in any sentence which he might pronounce against persons guilty of a breach, and his judgment in the case before us was illegal.

It does not serve to validate his judicial action in this respect, that the act of the legislature under which this by-law was adopted permits the municipal body to prescribe a larger measure of punishment than that which it has seen fit to ordain and establish.

The statute conferred upon the local body power to prescribe within certain limits the penalty which might seem to it commensurate with the offence. This, when established, circumscribed the justice's jurisdiction to punish, and it was out of his power to go beyond it.

Finding this error in the judgment, for which it must be reversed, renders it unnecessary to consider the other reasons assigned for holding the proceedings to be illegal.